UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **CANCIANO MARQUEZ-MAYORGA**<br>**REG. # 57155-018** | : | **DOCKET NO. 18-cv-0096**<br>**SECTION P** |
| **VERSUS** | : | **JUDGE TRIMBLE** |
| **J.S. WILLIS** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by Canciano Marquez-Mayorga ("petitioner"). The petitioner is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Institute at Oakdale, Louisiana.

### I.
#### BACKGROUND

The petitioner is currently serving sentences resulting from convictions in the United States District Court for the Middle District of Florida and the United States District Court for the District of Vermont. In Florida he was sentenced to an 87 month term of imprisonment on June 12, 2013, following his conviction for one count of selling, distributing, or dispensing a controlled substance, a violation of 21 U.S.C. § 841(a).[1] *United States v. Marquez-Mayorga*, No. 8:12-cr-321, docs. 39, 43 (M.D. Fla. Jun. 13, 2013). In Vermont, the petitioner was sentenced to a 135 month term of imprisonment on October 14, 2014, following his conviction in that court of one count of conspiracy to distribute narcotics, a violation of 21 U.S.C. §§ 841 and 846. *United States v. Tovar-*

---

[1] This sentence was subsequently reduced to 70 months after the court granted his motion for retroactive application of sentencing guidelines pursuant to 18 U.S.C. § 3582 on November 6, 2017. *Id.* at doc. 55.

*Garcia*, No. 5:13-cr-047, docs. 60, 86 (D. Vt. Nov. 11, 2015). The court ordered that the sentence run concurrent, from July 27, 2013 onward, with the sentence received in the Middle District of Florida. *Id.* at doc. 88, p. 2.

The petitioner now brings this suit, arguing that the BOP is refusing to properly credit his sentences as running concurrently. Doc. 1. He attaches a BOP Sentence Monitoring Computation Data Sheet, which reflects a total term of 12 years, 7 months, and 2 days, and a projected expiration of term in March 2025. Doc. 1, att. 2, pp. 13–14. He also states that he appealed this computation via administrative remedy to the BOP, and was told that only the district court could issue an order regarding the concurrence of the two sentences. Doc. 1, p. 2. However, the petitioner does not provide any decisions relating to his administrative remedy.

## II.
## LAW & ANALYSIS

### A. *Screening of Habeas Corpus Petitions*

A district court may apply any and all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### B. Section 2241

A § 2241 petition on behalf of a sentenced prisoner "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). In order to prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A § 2241 petition may be properly used to challenge the BOP's calculation of a sentence. *See, e.g.*, *Hunter v. Tamez*, 622 F.3d 427 (5th Cir. 2010).

A petition for habeas relief by a federal prisoner is premature when the prisoner fails to exhaust his administrative remedies. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). Under the Prison Litigation Reform Act ("PLRA"), exhaustion is an affirmative defense. *See Jones v. Bock*, 127 S.Ct. 910 (2007). However, the PLRA does not apply to habeas proceedings and nothing in *Jones* prohibits the *sua sponte* dismissal of a § 2241 petition on exhaustion grounds. *See, e.g., Callahan v. Young*, 2013 WL 3346842 at *2 n. 2 (W.D. La. Jul. 2, 2013); *accord Wy v. Berkebile*, 2008 WL 5262711 at *2 n. 2 (N.D. Tex. Dec. 17, 2008) (citing *Korobov v. Angeli*, 2008 WL 2787874 at *1 (M.D. Pa. Jul. 17, 2008)). Exceptions to the exhaustion requirement apply only in extraordinary circumstances. *Castano v. Everhart*, 235 Fed. App'x 206, 207–08 (5th Cir. 2007). Exhaustion means "proper exhaustion," including compliance with all administrative deadlines and procedures. *Woodford v. Ngo*, 126 S.Ct. 2378, 2385 (2006).

"[W]ell-settled federal law presumes that when multiple terms of imprisonment are imposed at different times, they will run consecutively unless the district court specifically orders that they run concurrently." *Free v. Miles*, 333 F.3d 550, 553 (5th Cir. 2003); *see* 18 U.S.C. § 3584(a). Here, the Vermont district court's judgment clearly reflects its intent that the 135 month sentence it imposed run concurrent with the petitioner's previously imposed Florida federal

sentence, from July 27, 2013 onward. Petitioner's computation data sheet, however, shows an expiration of full term date in March 2025, reflecting over 139 months of time served since July 27, 2013. Accordingly, this petition shows a potential basis for habeas relief. However, we require proof of the decisions on the petitioner's administrative remedies in order to determine whether this matter was properly exhausted and to review the BOP's reasons for denying petitioner's request, before our Rule 4 screening is complete and we allow service of this petition.

### III.
#### CONCLUSION

In order for this court to determine whether the petition should survive our initial review, the petitioner must amend his complaint within the next **30 days** and address the deficiencies described above.

Accordingly,

**THE CLERK IS DIRECTED** to mail a copy of this order to the petitioner at his last address on file.

**IT IS ORDERED** that the petitioner amend his complaint within **thirty (30) days** of the filing of this order to cure the deficiencies as outlined above.

Failure to comply with this order may result in dismissal of the claims above under Rule 4 of the Rules Governing § 2254 Cases, or under Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 82 S. Ct. 1386 (1962).

The petitioner is further required to notify the court of any change in his address under LR 41.3. Failure to do so will result in a recommendation that this action be dismissed without prejudice.

THUS DONE AND SIGNED in Chambers this 9th day of April, 2018.

                                              KATHLEEN KAY
                                   UNITED STATES MAGISTRATE JUDGE