UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| CANCIANO MARQUEZ-MAYORGA | : | DOCKET NO. 2:18-cv-0096 |
| REG. # 57155-018 | | SECTION P |
| VERSUS | : | JUDGE TRIMBLE |
| J.S. WILLIS | : | MAGISTRATE JUDGE KAY |

## REPORT AND RECOMMENDATION

Before the court is an amended petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Johnny Marquez-Mayorga. Marquez-Mayorga is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Institute at Oakdale, Louisiana ("FCIO").

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court. For the reasons stated below, **IT IS RECOMMENDED** that the matter be **DENIED** and **DISMISSED WITH PREJUDICE** under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts.

## I.
### BACKGROUND

The factual basis for Marquez-Mayorga's claims is provided in our preceding Memorandum Order. Doc. 8. There we noted that Marquez-Mayorga was challenging the BOP's calculation of his sentence, and that it appeared that the BOP's calculation did not reflect the Vermont federal district court's order that the 135 month sentence imposed by that court run

-1-

concurrent with an 87 month sentence previously imposed by a Florida federal district court. *Id.* Accordingly, we ordered Marquez-Mayorga to provide the BOP's decisions on his requests for administrative remedy, in order that we might review the rationale for the agency's decision. *Id.* Marquez-Mayorga has complied with that order by filing an amended petition with supporting documentation, and so we now complete our initial review of his petition.

## II.
### LAW & ANALYSIS

### A. *Screening of Habeas Corpus Petitions*

A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### B. *Application*

A § 2241 petition on behalf of a sentenced prisoner "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). In order to prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

"[W]ell-settled federal law presumes that when multiple terms of imprisonment are imposed at different times, they will run consecutively unless the district court specifically orders that they run concurrently." *Free v. Miles*, 333 F.3d 550, 553 (5th Cir. 2003); *see* 18 U.S.C. § 3584(a). Here, pursuant to a recommendation obtained as part of Marquez-Mayorga's plea agreement, the Vermont district court ordered that its sentence was to run concurrent to the previously imposed federal sentence, onward from July 27, 2013. *United States v. Tovar-Garcia*, No. 5:13-cr-047, docs. 88, 91 (D. Vt. Nov. 11, 2015). However, the Vermont sentence was imposed by judgment signed on October 15, 2014. *Id.* at doc. 88. The court expressed skepticism at the hearing that it could order a sentence retroactive from the date of sentencing, but nonetheless made it part of the sentence because of the plea agreement. *Id.* at doc. 91, pp. 51–53.

As the BOP stated in its denial of administrative remedy, the BOP Sentence Computation Manual, Program Statement 5880.28, provides that a federal term of imprisonment may not commence earlier than the date on which it is imposed. Likewise, under 18 U.S.C. § 3585(a), the earliest date a federal sentence may commence is the date it is imposed, even if it is ordered to run concurrent with a sentence already being served. *See United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980); *see also Akili v. Carvajal*, 2016 WL 8488929, at *2 (W.D. La. Jul. 25, 2016), report and recommendation adopted, 2017 WL 1017616 (W.D. La. Mar. 15, 2017). Thus, no matter the district court's wishes, the petitioner's 135 month sentence did not begin to run until the date it was imposed.

The petitioner's only complaint about the BOP's calculation is its refusal to credit time spent in custody from July 2013 to October 2014 toward his later-imposed 135 month sentence. Doc. 9. However, the 135 month sentence could not have been given retroactive concurrent effect

to the prior sentence for any time prior to the sentence's imposition. Accordingly, Marquez-Mayorga fails to show any error to the calculation or any right to federal habeas relief.

### III.
#### CONCLUSION

For the reasons stated above, Marquez-Mayorga's petition fails to state a claim for relief under 28 U.S.C. § 2241. Accordingly, **IT IS RECOMMENDED** that the claim relating to notice of the charges be **DENIED** and **DISMISSED WITH PREJUDICE** under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 11th day of June, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE